Michael R. Mills, ABA #8911074
mills.mike@dorsey.com
DORSEY & WHITNEY LLP
1031 West Fourth Avenue
Suite 600
Anchorage, AK 99501-5907
(907) 276-4557

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, a national banking association; and WELLS FARGO EQUIPMENT FINANCING, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> BLACK GOLD OILFIELD SERVICES, LLC, an Alaska limited liability company; BLACK GOLD LOGISTICS CORP., an Alaska corporation; BLACK GOLD EXPRESS, INC., an Alaska corporation; ROCK & DIRT ENVIRONMENTAL, INC., an Alaska corporation; JAMES HUFFMAN, an individual; LESLIE HUFFMAN, an individual; CHRISTOPHER HUFFMAN, an individual; JEREMY HUFFMAN, an individual; and HUFFMAN INVESTMENTS, LLC, an Alaska limited liability company, <br><br> Defendants. | Case No. 3:17-cv-00044-HRH <br><br> **COMPLAINT** |

Plaintiffs Wells Fargo Bank, National Association ("Wells Fargo, N.A.") and

Wells Fargo Equipment Financing, Inc. ("Wells Fargo Equipment", together with Wells

Fargo, N.A., "Plaintiffs"), for this complaint against Defendants Black Gold OilField Services, L.L.C. ("BG OilField"), Black Gold Logistics Corp. ("BG Logistics"), Black Gold Express, Inc. ("BG Express"), Rock & Dirt Environmental, Inc. ("Rock & Dirt," and collectively with BG OilField, BG Logistics, and BG Express, the "Borrowers"), James Huffman, Leslie Huffman, Jeremy Huffman, Christopher Huffman, and Huffman Investments, L.L.C. (collectively, "Defendants"), allege as follows:

## PARTIES

1.      Plaintiff Wells Fargo, N.A. is a national banking association and a citizen of the State of South Dakota, doing business in the State of Alaska as a foreign entity. Wells Fargo, N.A. entered two Loan Agreements: one with Defendant BG OilField (the "BG Oilfield Loan") and one with BG Logistics (the "BG Logistics Loan").

2.      Plaintiff Wells Fargo Equipment is an equipment leasing and financing company incorporated in the State of Minnesota with its principal place of business in Minnesota, doing business in the State of Alaska as a foreign entity.  Wells Fargo Equipment entered four Loan Agreements: one with BG Express (the "BG Express Loan") and three with Rock & Dirt (collectively, the "Rock & Dirt Loans")

3.      Defendant BG OilField is an Alaska limited liability company which, upon information and belief, has its principal place of business in Fairbanks, Alaska.  BG Oilfield is a Guarantor on the BG Logistics Loan and the BG Express Loan.

4.      Defendant BG Logistics is an Alaska corporation which, upon information and belief, has its principal place of business in Fairbanks, Alaska.  BG Logistics is a Guarantor on the BG OilField Loan and the BG Express Loan.

5.      Defendant BG Express is an Alaska corporation which, upon information and belief, has its principal place of business in Fairbanks, Alaska and is part owner of BG Oilfield.  BG Express is a Guarantor on the BG OilField Loan and the BG Logistics

Loan.

6.      Defendant Rock & Dirt is an Alaska corporation which, upon information and belief, has its principal place of business in Fairbanks, Alaska. Rock & Dirt is a Guarantor on the BG OilField Loan, the BG Logistics Loan, and the BG Express Loan.

7.      Defendant James Huffman is an individual who, upon information and belief, resides in Fairbanks, Alaska. James Huffman is the President of BG Logistics and the Vice President and Secretary of BG Express. James Huffman is a Guarantor on the BG Oilfield Loan, the BG Logistics Loan, and the BG Express Loan.

8.      Defendant Leslie Huffman is an individual who, upon information and belief, resides in Fairbanks, Alaska. Leslie Huffman is the Treasurer of BG Logistics, the President, Treasurer, and majority owner of BG Express, and the Director, President, Treasurer, and majority owner of Rock & Dirt. Leslie Huffman is a Guarantor on the BG OilField Loan, the BG Logistics Loan, the BG Express Loan, and each of the three Rock & Dirt Loans.

9.      Defendant Jeremy Huffman is an individual who, upon information and belief, resides in Williston, North Dakota. Jeremy Huffman is the Secretary and part owner of BG Logistics and is a Guarantor on the BG Logistics Loan.

10.     Defendant Christopher Huffman is an individual who, upon information and belief, resides in Fairbanks, Alaska. Christopher Huffman is Director and part owner of BG Logistics and the sole member of Huffman Investments. Christopher Huffman is a Guarantor on the BG OilField Loan and the BG Logistics Loan.

11.     Defendant Huffman Investments is an Alaska limited liability company which, upon information and belief, has its principal place of business in Fairbanks, Alaska. Huffman Investments is the manager and part owner of BG OilField and is a Guarantor on the BG OilField Loan.

## JURISDICTION AND VENUE

12.     Subject matter jurisdiction is proper in this court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.00 under 28 U.S.C. § 1332(a)(2).

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS[1]

### BG OilField Loan

14.     On or about December 9, 2014, BG OilField executed a Master Loan and Security Agreement with an accompanying Loan Schedule in favor of Wells Fargo, N.A. in the principal amount of $2,396,871.06 ("BG OilField Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit 1.

15.     The BG OilField Loan Agreement is secured by an accompanying Loan Schedule, a true and correct copy of which is attached hereto as Exhibit 2.

16.     In conjunction with the BG Oilfield Loan Agreement, Defendants BG Express, BG Logistics, Rock & Dirt, Huffman Investments, Christopher Huffman, James Huffman, and Leslie Huffman (each a "Guarantor") executed individual Guaranties (each a "Guaranty," collectively, the "BG OilField Loan Guaranties"), true and correct copies of which are attached hereto as Exhibit 3.

17.     Pursuant to Section 1 of the BG OilField Loan Guaranties, the Guarantors "unconditionally guarantee[d] to Creditor the full and prompt payment and performance when due of any and all Indebtedness of the Debtor to Creditor."

18.     Pursuant to Section 3 of the BG OilField Loan Agreement and the accompanying Loan Schedule, BG OilField granted to Wells Fargo, N.A. a first-priority

---

[1] See table at Attachment A for a summary of the loans involved, including the guarantor(s), original balances, and current balances.

security interest in the following equipment (collectively, the "BG OilField Loan Collateral"):

- Link-Belt Model TCC-1100 Crane (S/N: S1K2-2255)
- Link Belt Model HTC-86100 Crane (S/N: N3K3-2902), mounted on 2013 Linkbelt Carrier (VIN: 1F9N3K326DL028902)
- Link-Belt Model TCC-1100 Crane (S/N: S1K2-2669)
- 2013 Scona 5-Axle Scissor Neck Trailer (VIN: 53UL0595XDLM20807)
- 2014 Doonan 3-Axle Extendable Trailer (VIN: 1D9BH5333E1609232)
- 2014 Doonan 3-Axle Extendable Trailer (VIN: 1D9BH5335E1609233)
- 1996 Kenworth Model C550 Brute Tandem Bed Truck (VIN: 1NKCLBTX9TR943298), with Braden 130,000-LB Winch and Braden 20,000-LB Winch
- 2001 Kenworth Model C500 Bed Truck (VIN: 1NKCX6TX11S962574), with two (2) Tulsa Hydraulic Winches
- 2002 Kenworth Model C500 Rig-Up Truck (VIN: 1NKCLUTX52S889047), with Braden Hydraulic Winches

19.     Wells Fargo, N.A. properly perfected its security interest in the BG OilField Loan Collateral under the Uniform Commercial Code filed with the State of Alaska, Department of Natural Resources on December 11, 2014 at Serial #2014-795788-9 and through registry of the vehicles with the Alaska DMV.

20.     Pursuant to Section 13 of the BG OilField Loan Agreement, upon payment default, Wells Fargo N.A. has the right to: (a) accelerate the balance of the loan; (b) request that BG OilField promptly assemble and deliver possession of the Collateral to Wells Fargo, N.A. and allow Wells Fargo, N.A. to sell said Collateral; and (c) recover all expenses and collection costs it incurs due to the default.

21.     BG OilField is in default under the BG OilField Loan Agreement and accompanying Loan Schedule for failing to pay Wells Fargo, N.A. the required monthly payments due.

22.     Each of the seven (7) Guarantors (BG Express, BG Logistics, Rock & Dirt, Huffman Investments, Christopher Huffman, James Huffman, and Leslie Huffman) is in

breach of its Guaranty by failing to pay the amounts owed to Wells Fargo, N.A. under the BG OilField Loan Agreement and Guaranties.

23. On May 3, 2016, Wells Fargo, N.A. sent BG OilField and each of the seven (7) Guarantors a Notice of Default and Demand for Payment, seeking payment of past due amounts under the BG OilField Loan, true and correct copies of which are attached as Exhibit 4.

24. On June 28, 2016, Wells Fargo, N.A. sent BG OilField and each of the seven (7) Guarantors a Notice of Acceleration declaring all amounts due under the BG OilField Loan immediately due and owing, a true and correct copy of which is attached as Exhibit 5.

25. On August 17, 2016, Wells Fargo, N.A. sent BG OilField and each of the seven (7) Guarantors a Notice of Default and Acceleration demanding payment of the full indebtedness of the BG OilField Loan or the assembly and delivery of the Collateral to the Lender, a true and correct copy of which is attached as Exhibit 6.

26. On September 20, 2016, Plaintiffs sent a Notice of Default and Acceleration to all Defendants demanding immediate full payment of the indebtedness owed to Plaintiffs under each of the Borrowers' loans, a true and correct copy of which is attached as Exhibit 7.

27. All BG OilField Loan Collateral has been liquidated with the cooperation of the debtor, and those funds have been applied to the remaining balance on the BG OilField Loan.

28. Due to payment default and the acceleration of the debt owed by BG OilField, and application of net proceeds from liquidated assets, as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan is $233,935.60, with further accrual of interest, costs, and attorneys' fees as allowed under

the loan documents.

*BG Logistics Loan*

29.    On or about December 9, 2014, BG Logistics executed a Master Loan and Security Agreement in favor of Wells Fargo, N.A. in the principal amount of $4,268,904.60 ("BG Logistics Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit 8.

30.    The BG Logistics Loan Agreement is secured by an accompanying Loan Schedule, a true and correct copy of which is attached hereto as Exhibit 9.

31.    In conjunction with the BG Logistics Loan Agreement and accompanying Loan Schedule, Defendants BG Express, BG OilField, Rock & Dirt, Christopher Huffman, James Huffman, Jeremy Huffman, and Leslie Huffman (each a "Guarantor") executed individual Guaranties (collectively, the "BG Logistics Loan Guaranties"), true and correct copies of which are attached hereto as Exhibit 10.

32.    Pursuant to Section 1 of the BG Logistics Loan Guaranties, the Guarantors "unconditionally guarantee[d] to Creditor the full and prompt payment and performance when due of any and all Indebtedness of the Debtor to Creditor."

33.    Pursuant to Section 3 of the BG Logistics Loan Agreement and the accompanying Loan Schedule, BG Logistics granted to Wells Fargo, N.A. a first-priority security interest in the following equipment (collectively, the "BG Logistics Loan Collateral"):

- 2013 Peterbilt Model 367 Tractor (VIN: 1NPTL40X5DD178874), with Tulsa Model RN 60 Tandem Rigup (S/N: 00500000541)
- 2012 Peterbilt Model 367 Tractor (VIN: 1NPTP4TX5CD165136), with Tulsa Model RN 100 Tri-Drive Rigup (S/N: 81867-005-00000171)
- 2013 Peterbilt Model 367 Tractor (VIN: 1NPTP40X8DD184317), with Tulsa Model RN 80 Tri-Drive Rigup (S/N: 00700000406)
- Link-Belt Model TCC-1100 110-Ton Telescopic Crawler Crane (S/N: S1K3-3201)
- Link-Belt Model TCC-1100 110-Ton Telescopic Crawler Crane (S/N: S1K3-

3129)
- Caterpillar Model 950K Wheel Loader (S/N: R4A00450)
- Caterpillar Model 950K Wheel Loader (S/N: R4A00276)
- Link-Belt Model TCC-1100 110-Ton Telescopic Crawler Crane (S/N: S1K3-3271)
- Link-Belt Model TCC-1100 110-Ton Telescopic Crawler Crane (S/N: S1K3-3333)
- 2005 Kenworth Model C500 Oilfield Bed Truck (VIN: 1NKCLBTX75R976545), with 130,000-LB Tulsa Model RN130 Main Winch and 60,000-LB Tulsa Model RN 60 Second Winch

34.     Wells Fargo, N.A. properly perfected its security interest in the BG Logistics Loan Collateral under the Uniform Commercial Code filed with the State of Alaska, Department of Natural Resources on December 11, 2014 at Serial # 2014-795775-2 and through registry of the vehicles with the Alaska DMV.

35.     Pursuant to Section 13 of the BG Logistics Loan Agreement, upon payment default, Wells Fargo N.A. has the right to: (a) accelerate the balance of the loan; (b) request that BG Logistics promptly assemble and deliver possession of the collateral to Wells Fargo, N.A. and allow Wells Fargo, N.A. to sell said collateral; and (c) recover all expenses and collection costs it incurs due to the default.

36.     BG Logistics is in default under the BG Logistics Loan Agreement and accompanying Loan Schedule for failing to pay Wells Fargo, N.A. the required monthly payments due.

37.     Each of the seven (7) Guarantors (BG Express, BG OilField, Rock & Dirt, Christopher Huffman, James Huffman, Jeremy Huffman, and Leslie Huffman) is in breach of its Guaranty by failing to pay the amounts owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement and Guaranties.

38.     On May 3, 2016, Wells Fargo, N.A. sent BG Logistics and each of the seven (7) Guarantors a Notice of Default and Demand for Payment, seeking payment of past due amounts under the BG Logistics Loan, true and correct copies of which are

attached as <u>Exhibit 11</u>.

39.     On June 28, 2016, Wells Fargo, N.A. sent BG Logistics and each of the seven (7) Guarantors a Notice of Acceleration declaring all amounts due under the BG Logistics Loan immediately due and owing, a true and correct copy of which is attached as <u>Exhibit 12</u>.

40.     On August 17, 2016, Wells Fargo, N.A. again sent BG Logistics and each of the seven (7) Guarantors a Notice of Default and Acceleration demanding immediate payment of the full indebtedness of the BG Logistics Loan or the assembly and delivery of the Collateral to the Lender, a true and correct copy of which is attached as <u>Exhibit 13</u>.

41.     Wells Fargo, N.A. is entitled to recover and sell the remaining BG Logistics Loan Collateral.

42.     Four pieces of equipment remain securing the BG Logistics Loan: four (4) Link-Belt Model TCC-1100 110-Ton Telescopic Crawler Cranes (S/Ns: S1K3-3201; S1K3-3129; S1K3-3271; and S1K3-3333).  Wells Fargo foreclosed on the four units and they have been consigned to Ritchie Bros. Auctioneers in Williston, North Dakota to be remarketed on behalf of Wells Fargo.  If and when the units are sold, the net proceeds will be applied to the remaining balance on the BG Logistics Loan.

43.     All other BG Logistics Loan Collateral has been liquidated with the cooperation of the debtor, and those funds have been applied to the remaining balance on the BG OilField Loan.

44.     Due to payment default and the acceleration of the debt owed by BG Logistics, and application of net proceeds from liquidated assets, as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan is $3,173,600.34, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

45.     On or about December 9, 2014, BG Express executed a Combination Loan and Security Agreement in favor of Wells Fargo Equipment in the principal amount of $337,206.00 ("BG Express Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit 14.

46.     In conjunction with the BG Express Loan Agreement, on September 9, 2014, Defendants BG Logistics, BG OilField, Rock & Dirt, James Huffman, and Leslie Huffman (each a "Guarantor") executed a Guaranty in favor of Wells Fargo Equipment (the "BG Express Loan Guaranty"), a true and correct copy of which is attached hereto as Exhibit 15.

47.     Pursuant to the BG Express Loan Guaranty, the Guarantors "absolutely and unconditionally, jointly and severally, guarantee[d] to Creditor the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Debtor may now or in the future owe to Creditor. . ."

48.     Pursuant to Section 3 of the BG Express Loan Agreement, BG Express granted to Wells Fargo Equipment a security interest in the following equipment (collectively, the "BG Express Loan Collateral"): two (2) 2015 Peterbilt 389 Tractors (VINs: 1XPXP4EX4FD274535 and 1XPXP4EX4FD274534).

49.     Wells Fargo Equipment properly perfected its security interest in the BG Express Loan Collateral through registry of the vehicles with the Alaska DMV.

50.     Pursuant to Section 6 of the BG Express Loan Agreement, upon payment default, Wells Fargo Equipment has the right to: (a) accelerate the balance of the loan; (b) request that BG Express promptly assemble and deliver possession of the collateral to Wells Fargo Equipment and allow Wells Fargo Equipment to sell said collateral; and (c) recover all expenses and collection costs it incurs due to the default.

Case 3:17-cv-00044-TMB   Document 1   Filed 03/07/17   Page 10 of 28

51. BG Express is in default under the BG Express Loan Agreement for failing to pay Wells Fargo Equipment the required monthly payments due.

52. Each of the five (5) Guarantors (BG Logistics, BG OilField, Rock & Dirt, James Huffman, and Leslie Huffman) is in breach of the BG Express Loan Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under the BG Express Loan Agreement and Guaranty.

53. BG OilField is in breach of its Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under the BG Express Loan Agreement and Guaranty.

54. Rock & Dirt is in breach of its Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under the BG Express Loan Agreement and Guaranty.

55. James Huffman is in breach of his Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under the BG Express Loan Agreement and Guaranty.

56. Leslie Huffman is in breach of her Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under the BG Express Loan Agreement and Guaranty.

57. On September 20, 2016, Wells Fargo Equipment sent BG Express and each of the five (5) Guarantors a Notice of Default and Acceleration declaring all amounts due under the BG Express Loan immediately due and owing or for the return of the BG Express Loan Collateral, a true and correct copy of which is attached as Exhibit 16.

58. Due to payment default and the acceleration of the debt owed by BG Express, as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

59. There is a clear risk and danger that BG Express may continue to use, sell, transfer, or dispose of the Collateral without paying the full amount owing to Wells Fargo Equipment under the BG Express Loan Agreement.

60.     Wells Fargo Equipment is entitled to recover and sell the BG Express Loan Collateral.

*Rock & Dirt Loans*

61.     On or about October 22, 2012, Rock & Dirt executed a Combination Loan and Security Agreement in favor of Wells Fargo Equipment in the principal amount of $48,000.00 ("First Rock & Dirt Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit 17.

62.     Pursuant to Section 3 of the First Rock & Dirt Loan Agreement, Rock & Dirt granted to Wells Fargo Equipment a security interest in one Fecon Model BH200H-3 Bull Hog Mulcher Head (S/N: 00BH2000010116) (the "First Rock & Dirt Loan Agreement Collateral").

63.     Wells Fargo Equipment properly perfected its security interest in the First Rock & Dirt Loan Agreement Collateral under the Uniform Commercial Code filed with the State of Alaska, Department of Natural Resources on October 23, 2012 at Serial # 2012-746992-9.

64.     On or about June 26, 2013, Rock & Dirt executed a Combination Loan and Security Agreement in favor of Wells Fargo Equipment in the principal amount of $452,132.78 ("Second Rock & Dirt Loan Agreement"), a true and correct copy of which is attached hereto as Exhibit 18.

65.     Pursuant to Section 3 of the Second Rock & Dirt Loan Agreement, Rock & Dirt granted to Wells Fargo Equipment a security interest in the following equipment (collectively, the "Second Rock & Dirt Loan Agreement Collateral"):

- 2013 Caterpillar Model CT660S SBA 6x4 Tractor (VIN: 1HTJGTKT5DJ336271)
- 2013 Caterpillar Model CT660S SBA 6x4 Tractors (VIN: 1HTJGTKT3DJ336267)
- Galfab 60,000 Lb 23ft Inside/Outside Roll Off Body (S/N: 2631)

- Galfab 60,000 Lb 23ft Inside/Outside Roll Off Body (S/N: 2774)
- 2014 Cancade Tandem Roll Off Pup Trailer (VIN: 2C92237E8E1086573)

66.     Wells Fargo Equipment properly perfected its security interest in the Second Rock & Dirt Loan Agreement Collateral under the Uniform Commercial Code filed with the State of Alaska, Department of Natural Resources on June 27, 2013 at Serial # 2013-762688-6 and through registry of the vehicles with the Alaska DMV.

67.     On or about June 16, 2014, Rock & Dirt executed a Combination Loan and Security Agreement in favor of Wells Fargo Equipment in the principal amount of $53,419.00 ("Third Rock & Dirt Loan Agreement," collectively with other two loans, the "Rock & Dirt Loan Agreements"), a true and correct copy of which is attached hereto as Exhibit 19.

68.     Pursuant to Section 3 of the Third Rock & Dirt Loan Agreement, Rock & Dirt granted to Wells Fargo Equipment a security interest in the following equipment (collectively, the "Third Rock & Dirt Loan Agreement Collateral"):

- Husqvarna FS4400D ANC Slab Saw (S/N: 000132604404)
- Concut Wolverine WFC-20U-Combo ANC Hydraulic Flush Cut 20" Hand Saw (S/N: 302561)
- Concut Wolverine WP-30 ANC Gas Hydraulic Power Pack (S/N: 302560)
- Concut Milwaukee Drill Rig Complete 2-7/8" Column, Roller Carriage (S/N: 7980611170021)

69.     Wells Fargo Equipment properly perfected its security interest in the Third Rock & Dirt Loan Agreement Collateral under the Uniform Commercial Code filed with the State of Alaska, Department of Natural Resources on June 18, 2014 at Serial # 2014-783703-7.

70.     On June 26, 2013, Defendant Leslie Huffman (a "Guarantor") executed a Guaranty in favor of Wells Fargo Equipment (the "Rock & Dirt Loans Guaranty"), a true and correct copy of which is attached hereto as Exhibit 20.

71.     Pursuant to the Rock & Dirt Loans Guaranty, the Guarantor "absolutely and unconditionally, jointly and severally, guarantee[d] to Creditor the full and prompt payment and performance when due of each and every debt, liability and obligation of every type and description that Debtor may now or in the future owe to Creditor. . ."

72.     Pursuant to Section 6 of each of the Rock & Dirt Loan Agreements, upon payment default, Wells Fargo Equipment has the right to: (a) accelerate the balance of the loan; (b) request that Rock & Dirt promptly assemble and deliver possession of the Collateral to Wells Fargo Equipment and allow Wells Fargo Equipment to sell said Collateral; and (c) recover all expenses and collection costs it incurs due to the default.

73.     Rock & Dirt is in default under each of the three Rock & Dirt Loan Agreements for failing to pay Wells Fargo Equipment the required monthly payments due.

74.     Leslie Huffman is in breach of her Guaranty by failing to pay the amounts owed to Wells Fargo Equipment under each of the Rock & Dirt Loan Agreements and Guaranty.

75.     On September 20, 2016, Wells Fargo Equipment sent Rock & Dirt and Leslie Huffman a Notice of Default and Acceleration declaring all amounts due under the three Rock & Dirt Loans immediately due and owing or for the return of all Collateral of the Rock & Dirt Loans, a true and correct copy of which is attached as Exhibit 21.

76.     Due to payment default and the acceleration of the debt owed by Rock & Dirt and Leslie Huffman, as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the First Rock & Dirt Loan Agreement is $2,762.98, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

77.     Due to payment default and the acceleration of the debt owed by Rock & Dirt and Leslie Huffman, as of March 1, 2017, the total indebtedness owed to Wells

Fargo Equipment under the Second Rock & Dirt Loan Agreement is $185,403.00, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

78.    Due to payment default and the acceleration of the debt owed by Rock & Dirt and Leslie Huffman, as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the Third Rock & Dirt Loan Agreement is $27,783.42, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

79.    In total, due to payment default and the acceleration of the debt owed by Rock & Dirt, as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the three Rock & Dirt Loan Agreements is $215,949.40, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

80.    There is a clear risk and danger that Rock & Dirt may continue to use, sell, transfer, or dispose of the Collateral without paying the full amount owing to Wells Fargo Equipment under the three Rock & Dirt Loan Agreements.

81.    Wells Fargo Equipment is entitled to recover and sell the Collateral under the three Rock & Dirt Loan Agreements.

### CLAIM FOR RELIEF I

### Breach of BG OilField Loan Agreement

82.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

83.    BG OilField breached its obligations under the BG OilField Loan Agreement and accompanying Loan Schedule by failing to pay its obligations owing under the Agreement as required, and BG OilField is currently in default under the Agreement.

84.    Wells Fargo, N.A. fulfilled all of its obligations under the BG OilField Loan Agreement.

85. As of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan is $233,935.60, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

86. Accordingly, Wells Fargo, N.A. is entitled to judgment against BG OilField in an amount not less than $233,935.60, together with other accruing interest, costs, and fees, including attorneys' fees, as allowed under the BG OilField Loan documents.

## CLAIM FOR RELIEF II

### Breach of BG Logistics Loan Agreement

87. Plaintiffs restate each of the preceding allegations as if fully set forth herein.

88. BG Logistics breached its obligations under the BG Logistics Loan Agreement and accompanying Loan Schedule by: (a) failing to pay its obligations owing under the Agreement as required, and BG Logistics is currently in default under the Agreement; and (b) failing to assemble and deliver the Collateral to Wells Fargo, N.A. after default.

89. Wells Fargo, N.A. fulfilled all of its obligations under the BG Logistics Loan Agreement and accompanying Loan Schedule.

90. As of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan is $3,173,600.34, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

91. Accordingly, Wells Fargo, N.A. is entitled to judgment against BG Logistics in an amount not less than $3,173,600.34, together with other accruing interest, costs, and fees, including attorneys' fees, as allowed under the BG Logistics Loan documents.

## CLAIM FOR RELIEF III

### Breach of BG Express Loan Agreement

92.     Plaintiffs restate each of the preceding allegations as if fully set forth herein.

93.     BG Express breached its obligations under the BG Express Loan Agreement by: (a) failing to pay its obligations owing under the Agreement as required, and BG Express is currently in default under the Agreement; and (b) failing to assemble and deliver the Collateral to Wells Fargo Equipment after default.

94.     Wells Fargo Equipment fulfilled all of its obligations under the BG Express Loan Agreement.

95.     As of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

96.     Accordingly, Wells Fargo Equipment is entitled to judgment against BG Express in an amount not less than $189,696.19, together with other accruing interest, costs, and fees, including attorneys' fees, as allowed under the BG Express Loan documents.

97.     Wells Fargo Equipment is further entitled to judgment against BG Express, directing BG Express to assemble and deliver the remaining Collateral to Wells Fargo Equipment.

## CLAIM FOR RELIEF IV

### Breach of Rock & Dirt Loan Agreements

98.     Plaintiffs restate each of the preceding allegations as if fully set forth herein.

99.     Rock & Dirt breached its obligations under the each of the three Rock &

Dirt Loan Agreements by failing to pay its obligations owing under the Agreements as required, and Rock & Dirt is currently in default under the Agreements.

100.     Wells Fargo Equipment fulfilled all of its obligations under the three Rock & Dirt Loan Agreements.

101.     As of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the three Rock & Dirt Loan Agreements is $215,949.40, with further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

102.     Accordingly, Wells Fargo Equipment is entitled to judgment against Rock & Dirt in an amount not less than $215,949.40, together with other accruing interest, costs, and fees, including attorneys' fees, as allowed under the three Rock & Dirt Loan Agreements.

103.     Wells Fargo Equipment is further entitled to judgment against Rock & Dirt, directing Rock & Dirt to assemble and deliver all remaining Collateral to Wells Fargo Equipment.

## **CLAIM FOR RELIEF V**

### **Breach of Guaranties – BG OilField**

104.     Plaintiffs restate each of the preceding allegations as if fully set forth herein.

105.     BG OilField breached its contractual obligations by failing to pay his obligations owing under (a) its BG Logistics Loan Guaranty; and (b) its BG Express Loan Guaranty.

106.     Plaintiffs fulfilled their obligations under the BG Logistics Loan and the BG Express Loan.

107.     BG Logistics is currently in default under the BG Logistics Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A.

under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

108.   BG Express is currently in default under the BG Express Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

109.   Accordingly, Plaintiffs are entitled to judgment against BG OilField for breaching its Guaranties in an amount not less than $3,363,296.53, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF VI

### Breach of Guaranties – BG Logistics

110.   Plaintiffs restate each of the preceding allegations as if fully set forth herein.

111.   BG Logistics breached its contractual obligations by failing to pay its obligations owing under (a) its BG OilField Loan Guaranty; and (b) the BG Express Loan Guaranty.

112.   Plaintiffs fulfilled their obligations under the BG OilField Loan and the BG Express Loan.

113.   BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

114.   BG Express is currently in default under the BG Express Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under

the BG Express Loan is $189,696.19, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

115.    Accordingly, Plaintiffs are entitled to judgment against BG Logistics for breaching its Guaranties in an amount not less than $423,631.79, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## **CLAIM FOR RELIEF VII**

### **Breach of Guaranties – BG Express**

116.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

117.    BG Express breached its contractual obligations by failing to pay its obligations owing under (a) its BG OilField Loan Guaranty; and (b) its BG Logistics Loan Guaranty.

118.    Wells Fargo, N.A. fulfilled its obligations under both the BG OilField Loan and the BG Logistics Loan.

119.    BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

120.    BG Logistics is currently in default under the BG Logistics Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

121.    Accordingly, Plaintiffs are entitled to judgment against BG Express for breaching its Guaranties in an amount not less than $3,407,535.94, together with other

accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF VIII

### Breach of Guaranties – Rock & Dirt

122.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

123.    Rock & Dirt breached its contractual obligations by failing to pay its obligations owing under (a) its BG OilField Loan Guarantee; (b) its BG Logistics Loan Guaranty; and (c) its BG Express Loan Guaranty.

124.    Plaintiffs fulfilled their obligations under the BG OilField Loan, the BG Logistics Loan, and the BG Express Loan.

125.    BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

126.    BG Logistics is currently in default under the BG Logistics Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

127.    BG Express is currently in default under the BG Express Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

128.    Accordingly, Plaintiffs are entitled to judgment against Rock & Dirt for breaching its Guaranties in an amount not less than $3,597,232.13, together with other

accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF IX

### Breach of Guaranty – Huffman Investments

129.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

130.    Huffman Investments breached its contractual obligations under its BG OilField Loan Guaranty by failing to pay its obligations owing under that Guaranty.

131.    Wells Fargo, N.A. fulfilled its obligations under the BG OilField Loan.

132.    BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

133.    Accordingly, Plaintiffs are entitled to judgment against Huffman Investments for breaching its Guaranty in an amount not less than $233,935.60, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF X

### Breach of Guaranties – James Huffman

134.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

135.    James Huffman breached his contractual obligations by failing to pay his obligations owing under (a) his BG OilField Loan Guaranty; (b) his BG Logistics Loan Guaranty; and (c) his BG Express Loan Guaranty.

136.    Plaintiffs fulfilled their obligations under the BG OilField Loan, the BG

Logistics Loan, and the BG Express Loan.

137.    BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

138.    BG Logistics is currently in default under the BG Logistics Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

139.    BG Express is currently in default under the BG Express Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

140.    Accordingly, Plaintiffs are entitled to judgment against James Huffman for breaching his Guaranties in an amount not less than $3,597,232.13, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF XI

### Breach of Guaranties – Leslie Huffman

141.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

142.    Leslie Huffman breached her contractual obligations by failing to pay her obligations owing under (a) her BG OilField Loan Guaranty; (b) her BG Logistics Loan Guaranty; (c) her BG Express Loan Guaranty; and (d) her Rock & Dirt Loans Guaranty.

143.    Plaintiffs fulfilled their obligations under the BG OilField Loan, the BG

Logistics Loan, the BG Express Loan, and each of the three Rock & Dirt Loans.

144.    BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

145.    BG Logistics is currently in default under the BG Logistics Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

146.    BG Express is currently in default under the BG Express Loan Agreement, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the BG Express Loan is $189,696.19, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

147.    Rock & Dirt is currently in default under each of the three Rock & Dirt Loan Agreements, and as of March 1, 2017, the total indebtedness owed to Wells Fargo Equipment under the Rock & Dirt Loans is $215,949.40, with the further accrual of interest, costs, and attorneys' fees as allowed under the loan documents.

148.    Accordingly, Plaintiffs are entitled to judgment against Leslie Huffman for breaching her Guaranties in an amount not less than $3,813,181.53, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF XII

### Breach of Guaranty – Jeremy Huffman

149.    Plaintiffs restate each of the preceding allegations as if fully set forth herein.

150.     Jeremy Huffman breached his contractual obligations under his BG Logistics Loan Guaranty by failing to pay his obligations owing under that Guaranty.

151.     Wells Fargo, N.A. fulfilled its obligations under the BG Logistics Loan.

152.     BG Logistics is currently in default under the BG Logistics Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

153.     Accordingly, Plaintiffs are entitled to judgment against Jeremy Huffman for breaching his Guaranty in an amount not less than $3,173,600.34, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## CLAIM FOR RELIEF XIII

### Breach of Guaranties – Christopher Huffman

154.     Plaintiffs restate each of the preceding allegations as if fully set forth herein.

155.     Christopher Huffman breached his contractual obligations by failing to pay his obligations owing under (a) his BG OilField Loan Guaranty; and (2) his BG Logistics Loan Guaranty.

156.     Wells Fargo, N.A. fulfilled its obligations under the BG OilField Loan and the BG Logistics Loan.

157.     BG OilField is currently in default under the BG OilField Loan, and as of March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG OilField Loan Agreement is $233,935.60, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

158.     BG Logistics is currently in default under the BG Logistics Loan, and as of

March 1, 2017, the total indebtedness owed to Wells Fargo, N.A. under the BG Logistics Loan Agreement is $3,173,600.34, with the further accrual of interest, costs, and attorneys' fees as allowed under the Agreement.

159.    Accordingly, Plaintiffs are entitled to judgment against Christopher Huffman for breaching his Guaranties in an amount not less than $3,407,535.34, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that judgment be entered as follows[2]:

1.    On Plaintiffs' Claims for Relief I and V, for judgment against BG OilField in the sum of not less than $3,597,232.13, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

2.    On Plaintiffs' Claims for Relief II and VI, for judgment against BG Logistics in the sum of not less than $3,597,232.13 together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

3.    On Plaintiffs' Claims for Relief III and VII, for judgment against BG Express in the sum of not less than $3,597,232.13, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

4.    On Plaintiffs' Claims for Relief IV and VIII, for judgment against Rock & Dirt in the sum of not less than $3,813,181.53, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

5.    On Plaintiffs' Claim for Relief IX, for judgment against Huffman

---

[2] See table at Attachment B for a summary of the amounts owed by each Defendant.

Investments in the sum of not less than $233,935.60, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents

6.     On Plaintiffs' Claim for Relief X, for judgment against James Huffman in the sum of not less than $3,597,232.13, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

7.     On Plaintiffs' Claim for Relief XI, for judgment against Leslie Huffman in the sum of not less than $3,813,181.53, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

8.     On Plaintiffs' Claim for Relief XII, for judgment against Jeremy Huffman in the sum of not less than $3,173,600.34, together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

9.     On Plaintiffs' Claim for Relief XIII, for judgment against Christopher Huffman in the sum of not less than $3,407,535.34 together with other accruing interest costs and fees, including attorneys' fees, as permitted under the loan documents;

10.      On Plaintiffs' Claims III and IV, an order directing the Borrowers to assemble all remaining collateral on the loans and to deliver said collateral to Plaintiffs;

11.    Prejudgment interest on the total amount of Plaintiffs' damages;

12.    Post-judgment interest on the total amount of Plaintiffs' judgment from the date of its entry until its full satisfaction;

13.    An award of full attorneys' fees and costs as allowed under the lending documents; and

14.    For any such other and further relief as the Court deems just and proper.

DATED this 7th day of March, 2017, at Anchorage, Alaska.

DORSEY & WHITNEY LLP

By: /S/ MICHAEL R. MILLS
    Michael R. Mills, ABA #8911074

COMPLAINT
Page 28 of 28
4824-4454-0228\1

*Wells Fargo v. Black Gold OilField Servs., et al.*
3:17-cv-00044-HRH

Case 3:17-cv-00044-TMB   Document 1   Filed 03/07/17   Page 28 of 28